RECEIVED
USDC CLERK, CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2005 AUG -3  P 3: 44

| | |
|---|---|
| Rajnikant Shah; and Sunita Shah; ) | C/A No. 2:05-1883-PMD-RSC |
| Plaintiffs; ) | |
| vs. ) | Report and Recommendation |
| Citi Mortgage, Inc.; and Principal Residential Mortgage; ) | |
| Defendants. ) | |

The plaintiffs, Rajnikant Shah and Sunita Shah (Plaintiffs) are proceeding *pro se* in this civil action. Plaintiffs claim damages for alleged violations of the Real Estate Settlement Procedures Act (RESPA) based on the Defendants' activities in connection with a mortgage and the subsequent foreclosure proceeding. On April 15, 2005, Plaintiffs removed the state foreclosure proceedings to this court in Principal Residential Mortgage, Inc. vs. Rajnikant K. Shah and Sunita Shah, No. 2:05-1126. On April 19, 2005, Plaintiffs filed Rajnikant K. Shah and Sunita Shah v. Citi Mortgage, Inc., No. 2:05-1156, a civil action claiming that the Defendants' activities violated RESPA. Both of these prior cases are pending on appeal before the United States Court of Appeals for the Fourth Circuit.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*,

439 U.S. 970 (1978).

This Court is required to liberally construe *pro se* documents, and hold them to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, *supra*. A federal district court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

This court takes judicial notice of Rajnikant K. Shah and Sunita Shah v. Citi Mortgage, Inc., Civil Action No. 2:05-1156, filed in this Court on April 19, 2005. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See* United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also* United States v. Webber, 396 F.2d 381, 386-87 (3rd Cir. 1968); Fletcher v. Bryan, 175 F2d 716 (4th Cir. 1949). The Plaintiffs' previous case, Civil Action No. 2:05-1156, is pending on appeal to the United States Court of Appeals for the Fourth Circuit. The Plaintiffs appealed the dismissal of their case by order of the Honorable Patrick Michael Duffy, United States District Judge, dated June 13, 2005. Judge Duffy's order adopted and incorporated the Report and Recommendation of the undersigned, as well as reiterated that the application

of the Rooker-Feldman doctrine in this case bars the claims of the Plaintiffs. The same facts are presented by Plaintiffs in this case, and the Rooker-Feldman doctrine still applies to bar the claims of the Plaintiffs. This action is subject to summary dismissal for the same reasons as explained in Civil Action No. 2:05-1156. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). In Aloe, the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Id., 425 F.2d at 1296; See also United States v. Parker, supra; and Slack v. McDavid, 529 U.S. 473, 478 (2000) ("Federal Courts do however retain broad powers to prevent duplicative or unnecessary litigation."). The Plaintiffs' claims of violation of RESPA are subject to summary dismissal as discussed in the Order of Judge Duffy issued on June 13, 2005, in Civil Action No. 2:05-1156 (a copy of which is attached to this document).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, supra; Haines v. Kerner, supra. Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

August 3 2005
Charleston, South Carolina

3

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**