IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rajnikant Shah and | ) | |
| Sunita Shah, | ) | C. A. No. 2:05-1883-PMD-RSC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Citi Mortgage, Inc. and | ) | |
| Principal Residential Mortgage, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

This matter is before the court upon the United States Magistrate Judge's recommendation that Plaintiffs Rajnikant and Sunita Shah's complaint be dismissed without prejudice and without issuance and service of process. The record contains a report and recommendation of the Magistrate ("the R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Plaintiffs have filed timely objections to the R&R.

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Having reviewed the entire record, including Plaintiffs' objections, the court concludes that the R&R accurately summarizes the facts and law applicable to this matter, and correctly recommends the summary dismissal of Plaintiffs' claims. Accordingly, the court adopts and incorporates and R&R herein to the extent that it is not inconsistent with this Order.

## BACKGROUND

In September of 2001, Defendants instituted a mortgage foreclosure suit against Plaintiffs

in state court.  The state court entered a deficiency judgment against Plaintiffs in June of 2003.

Thereafter, Plaintiffs filed an appeal, which the South Carolina Court of Appeals dismissed nearly

one year later on May 6, 2004.  Plaintiffs then filed an unsuccessful writ of certiorari to the South

Carolina Supreme Court.  This process ended on March 2, 2005, a little over a month before

Plaintiffs filed their Notice of Removal on April 15, 2005.  *See Principal Residential Mortgage, Inc.*

*v. Shah*, No. 2:05-1126 (D.S.C. filed Apr. 15, 2005).  In their Notice of Removal, Plaintiffs

essentially claimed that a federal question remained [sic] "un-adjudicated" because the state court

did not consider their defenses and counterclaims concerning alleged violations of the Real Estate

Procedure Act of 1974 ("RESPA"), 12 U.S.C. § 2601.  *See* Notice of Removal at 3, *Principal*

*Residential Mortgage, Inc.*, No. 2:05-1126 (D.S.C. filed Apr. 15, 2005).  On June 13, 2005, this

Court remanded the case because the notice of removal was untimely and in any event, granting

removal would have violated the well-pleaded complaint rule.  Currently, this case is pending before

the United States Court of Appeals for the Fourth Circuit.

Four days after filing their Notice of Removal, Plaintiffs filed a separate civil action in this

court alleging that Defendants violated RESPA.  *Shah v. Citi Mortgage, Inc.*, No. 2:05-1156 (D.S.C.

filed Apr. 19, 2005).  This court dismissed this case without prejudice by order dated June 13, 2005,

under the *Rooker-Feldman*[1] doctrine, finding that this court was without subject matter jurisdiction

to consider Plaintiffs' claims because Plaintiffs had already unsuccessfully pursued the same claims

in the state court foreclosure action.  Currently, Case Number 2:05-1156 is also pending on appeal

before the United States Court of Appeals for the Fourth Circuit.

---

[1] This doctrine arises from the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 n.5 (4th Cir. 2002).

2

On June 30, 2005, Plaintiffs filed this suit, which is a duplicate action, almost verbatim, to the action this court dismissed on June 13, 2005. Because Plaintiffs present the same facts in virtually the same complaint, the *Rooker-Feldman* doctrine still applies to bar Plaintiffs' claims.

## ANALYSIS

The *Rooker-Feldman* doctrine prohibits a federal district court from sitting in appellate review over state court decisions. *See, e.g., Am. Reliable Ins. Co. v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) ("Under the *Rooker-Feldman* doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court."); *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (holding that *Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.") "The *Rooker-Feldman* doctrine is confined to cases . . . brought by state court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517, 1520 (2005). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler*, 129 F.3d at 731.

"Because the *Rooker-Feldman* doctrine is jurisdictional, [the court is] obliged to address it before proceeding further in [its] analysis." *Dunlap,* 290 F.3d at 196. While the *Rooker-Feldman* doctrine ordinarily bars direct review in the lower federal courts of a decision reached by the highest state court, the Fourth Circuit has viewed "the doctrine to also preclude review of adjudications by lower state courts as well." *Id.* (citing *ASARCO, Inc. v. Kadish,* 490 U.S. 605, 622 (1989), and *Jordahl v. Democratic Party of Virginia,* 122 F.3d 192, 199 (4th Cir. 1997)).

3

Here, as with Case No. 2:05-1156, Plaintiffs claim a right to damages for alleged RESPA violations. However, because Plaintiffs are attempting to have this court review the state court adjudication and because Plaintiffs' allegations of RESPA violations are clearly "inextricably intertwined with the state court[s'] grant or denial of relief," the *Rooker-Feldman* doctrine still applies to bar this court's determination of Plaintiffs' claims. *See, eg., GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993) ("[T]he *Rooker-Feldman* doctrine bar[s] the litigation, because the plaintiff's injury stem[s] from the state judgment-an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless."); *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 382 (4th Cir. 2004) ("The *Rooker-Feldman* bar extends not only to those issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court."). Therefore, and because Plaintiffs do not raise any objections sufficient to overcome the *Rooker-Feldman* doctrine, the court dismisses Plaintiffs' action for lack of subject matter jurisdiction.

As a final matter, when the *Rooker-Feldman* doctrine applies, the correct disposition is dismissal "without prejudice."

> The *Rooker-Feldman* doctrine is a rule of federal jurisdiction. A suit dismissed for lack of jurisdiction cannot also be dismissed "with prejudice"; that's a disposition on the merits, which only a court with jurisdication may render. "No jurisdiction" and "with prejudice" are mutually exclusive. When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: *the plaintiff cannot re-file in federal court*. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits.

*Fredericksen v. City of Lockport*, 384 F.3d 437, 438-39 (7th Cir. 2004) (citations omitted) (emphasis added). Therefore, although the court somewhat misleadingly dismisses Plaintiffs' suit "without

4

prejudice," this does not mean that Plaintiffs can re-file this suit in federal court. Rather, because the suit is dismissed for lack of federal jurisdiction, Plaintiffs *cannot* re-file this suit in federal court.

## **CONCLUSION**

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiffs' complaint is hereby **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 30, 2005**